**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 02, 2022.**

_____
MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| YVETTE ARCINIEGA BAILEY, | § § | CASE NO. 20-51142-MMP |
| DEBTOR. | § | CHAPTER 13 |

OPINION

I. **INTRODUCTION**

On August 15, 2022 the Court heard the Debtor's *Nunc Pro Tunc* Notice to Retain 2021 Tax Refund, ECF No. 42 ("**Notice to Retain**"). Having determined that the Debtor failed to meet her evidentiary

1

burden and failed to comply with the Court's Standing Order Regarding Chapter 13 Tax Refunds[1] ("**Standing Order**"), the Court denies the Debtor's Notice to Retain.

## II. JURISDICTION

The Court has jurisdiction over this core matter under 28 U.S.C. §§ 157(b)(2) and 1334. This opinion serves as this Court's findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 7052 and 9014.

## III. FACTS

Under a procedure established by the Standing Order, the post confirmation Debtor seeks to retain the 2021 tax refund of $4,180 she received on April 8, 2022. Debtor's plan payments are in arrears and Debtor's plan is currently only paying unsecured creditors 12% of their allowed claims. The Debtor lost her job in February 2022, but regained employment in June 2022.

## IV. APPLICABLE LAW

The Standing Order sets forth a rebuttable presumption that tax refunds are disposable income. To rebut this presumption, a debtor must (i) timely file and serve a Notice to Retain with the required negative notice language, (ii) state with specificity why some or all the tax refund is not disposable income, (iii) provide the chapter 13 trustee with supporting documentation showing the tax refund sought to be retained is needed to pay expenses that are reasonable and necessary for the support of the debtor or her dependents, and (iv) hold the tax refund until resolution of the Notice to Retain (through court order or passage of the negative notice period without objection).

---

[1] Standing Order 20-09, Issued September 14, 2020.

2

V.   **ANALYSIS**

The Debtor fully complied with only the first prong (timeliness) of the Standing Order's rebuttable presumption requirements. The Trustee stipulated that the Debtor timely filed a Notice to Retain, seeking to retain her $4,180 income tax refund for 2021.

The Debtor failed to satisfy the second prong (specificity) of the rebuttable presumption requirements, having failed to state with specificity why the tax refund was not disposable income. While the Court is sympathetic to the fact that the Debtor lost her job, simply stating in the Notice to Retain that the entire tax refund was necessary for unspecified living expenses because the Debtor lost her job is not specific enough to satisfy this prong. The evidence failed to quantify and temporally identify the expenses that were reasonable and necessary for the support of the Debtor or her dependents.

The Debtor testified that she needed the entire tax refund to pay her living expenses and implied that she only spent the tax refund on living expenses while unemployed from February through May 2022. The Debtor did not provide any specific information about the timing or amount of the specific expenses on which she spent the tax refund. The Debtor testified in general terms that she spent the tax refund on "fuel, toiletries, clothing, food and other necessities" without identifying how much (individually or in total) of the tax refund she spent on any specific item (or the items in total), or when (or during what time) she made those expenditures. Specificity entails quantifying and temporally linking expenses to the tax refund. The Debtor's failure to provide

3

this evidence prevents the Court from determining how much was spent on the expenses and when it was spent, which prevents a necessity and reasonableness finding related to the tax refund.[2]

The Debtor failed to satisfy the third prong (documentation) of the rebuttable presumption requirements by not providing any supporting documentation for alleged reasonable and necessary support expenses. The only documentation the Debtor provided was a printout of a Home Depot advertisement for an air conditioning unit priced at $389, unaccompanied by any statement of the need for the purchase. At the hearing, the Debtor stated that her son purchased the air conditioning unit depicted in the advertisement for her as a gift for Mother's Day, meaning that the unit was not bought with the tax refund money. This documentation did not relate to the tax refund, and it is unclear to the Court why the Debtor provided it.

The Debtor never provided any supporting documentation about the actual use of the tax refund. The only evidence before the Court is the Debtor's testimony. The Debtor testified that, during her unemployment, she received food, stamp assistance, monetary utility assistance, and monetary assistance from her sister. It is, however, unclear when each form of assistance was provided to the Debtor, or if that assistance overlapped or preceded the receipt of the Debtor's tax

---

[2] In closing argument, after evidence had been presented, Debtor's counsel asked the Court to take judicial notice of the Debtor's Original Schedules I and J and Means Test calculation that shows the Debtor is a "Below Median Debtor"(ECF No. 1) and Amended Schedules I and J (ECF no. 34). Debtor's counsel did not provide the Court or opposing counsel copies of these proposed exhibits or specifically identify what evidence the Debtor was presenting. With only general references to the Court's docket for consideration, the Court did not take judicial notice of ECF No. 1 or 34. The Court notes that the Standing Order on its face does not discriminate between below and above median income debtors, asking both to provide evidence of their claims, although the Court would consider a debtor's income level when assessing the reasonableness and necessity of expenses presented. Also, Debtor's Amended Schedules I and J at best provide only a snapshot of the Debtor's income and expenses on the date they were filed (September 29, 2021). They are not direct evidence of what the Debtor's living expenses were in April and May 2021, when the Debtor was unemployed and had her income tax refund. The Debtor could not have been using the tax refund to pay living expenses for February and March 2022, when she was also unemployed, because she did not receive it until April 8, 2022.

refund. The Court suspects that at least some of the tax refund was used by the Debtor on living expenses, but on this record, the Court cannot determine what was spent or when it was spent.[3] Accordingly, the Court cannot find that the Debtor satisfied the third prong of the rebuttable presumption requirements.

Finally, the Debtor failed to satisfy the fourth prong (holding) of the rebuttable presumption requirements, except for $936 of the tax refund. The Debtor admits that she failed to hold the tax refund of $4,180 pending a resolution of the Notice to Retain,[4] except for $936 that she sent to the Trustee.[5]

The Debtor also argues that the procedural requirements of the Standing Order's rebuttable presumption violate *Diaz*[6] by improperly imposing substantive requirements on below-median income debtors, including the Debtor herself. The Court disagrees. *Diaz* is inapplicable. The Standing Order imposes only procedural burdens, and the Debtor's failure to meet the procedural requirements of the Standing Order does not make those requirements substantive. The Court's decision is driven by the Debtor's failure to provide the Court with the evidence necessary to grant the relief requested. The Standing Order merely provides a roadmap for debtors to show how their

---

[3] The Debtor never testified what her specific expenses were in April and May of 2022 or that she spent any specific tax refund money on any specific living expenses, like rent, utilities, or food.

[4] The Debtor testified that someone at her counsel's office advised her that she could spend the tax refund under her circumstances. Debtor's counsel denied providing such advice to her client but suggested that her paralegal may have. The Standing Order doesn't excuse the spending of the tax refund with counsel's permission, so what Debtor's counsel may have advised is irrelevant to this proceeding.

[5] The Debtor never explained how she could retain and send $936 of her tax refund to the Trustee, while also arguing she needed that money for her reasonable and necessary expenses. If the Debtor had provided evidence satisfying the second and third prongs as to the $936 of her tax refund, the Court might have been able to find that the $936 did not constitute disposable income.

[6] *Diaz v. Viegelahn (In re Diaz)*, 972 F.3d 713 (5th Cir. 2020) (declaring invalid a prior Western District of Texas standard chapter 13 plan provision (4.1) concerning debtor tax refunds). The bankruptcy judges of the Western District of Texas entered the Standing Order to replace the standard plan provision declared invalid by *Diaz*.

expenses are reasonable and necessary (and thus not disposable income). It creates no substantive requirements.

The Court notes two important omissions here, either of which might have directed a different outcome for the Debtor on the fourth prong. First, the Debtor admits that she failed to seek an expedited hearing on the Notice to Retain. See L. RULE 9014 (d)(4) and (e)(allowing a party to seek an *ex parte*, expedited hearing for good cause shown). Timing was important here. Three and a half months passed between the filing of and hearing on the Notice to Retain. For at least most of that time, the Debtor had no job and appears to have been spending the tax refund in violation of the Standing Order's rebuttable presumption requirements. The Debtor's failure to seek an expedited hearing, not the rebuttable presumption requirements, forced the Debtor to wait several months for a tax refund determination. Second, the Debtor could have sought advance relief from the Standing Order's holding requirement until a hearing could be held on the Notice to Retain, which might have allowed her to spend the tax refund on living expenses during her period of unemployment. While such relief might have been denied, failing to seek it appears to have pressured the Debtor into violating the holding requirement of the Standing Order. Rather than asking for forgiveness after violating the requirements of the Standing Order, the Debtor could have asked for permission to relax, or deviate from, the requirements of the Standing Order under her specific circumstances.

## VI. CONCLUSION

Debtor's Notice to Retain is denied. Debtor's tax refund of $4,180 is disposable income and the base amount of Debtor's plan will be increased by that amount. The Court will enter a separate order consistent with this ruling.

# # #